UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHERYL JACKSON,

    Plaintiff,

  v.

ASA HOLDINGS, LLC *et al.*,

    Defendants.

Civil Action No. 10-1501 (CKK)

**MEMORANDUM OPINION**
(November 8, 2010)

    This diversity action was filed by Plaintiff Cheryl Jackson ("Jackson") against Defendants ASA Holdings, LLC ("ASA Holdings") and Capital One, LLC. Capital One, N.A. ("Capital One") has entered an appearance indicating that it was improperly named in the Complaint as Capital One, LLC.[1] Presently pending before the Court are ASA Holdings' [2] Motion to Dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted and Capital One's [4] Motion to Dismiss Plaintiff's Complaint for failure to state a claim. As explained below, Jackson has failed to file a timely opposition to these motions, and therefore the Court may treat the motions as conceded. Alternatively, the Court finds that Defendants' motions to dismiss are meritorious, and therefore the Court shall dismiss Jackson's Complaint.

**I. BACKGROUND**

    Plaintiff Cheryl Jackson is a resident of the District of Columbia who owns real property located at 831 Decatur Street, N.W. and 906 12th Street, N.E. Compl. ¶¶ 1, 4. These properties

---

[1] The Court shall therefore treat Capital One, N.A. as the proper defendant in this action.

were foreclosed on in February 2010, threatening the eviction of Jackson. *Id.* ¶ 4. Jackson alleges that she paid her mortgage every month until she was terminated by the District of Columbia Public Schools. *Id.* ¶ 5. Around the same time as her termination, Jackson was defrauded by a contractor hired to repair the property at 906 12th Street, NE, resulting in a loss of $80,000. *Id.* ¶ 6.

Jackson avers in her Complaint that Defendant ASA Holdings is a Georgia company that transacts business in the District of Columbia. Compl. ¶ 2. Jackson avers that Defendant Capital One is a Virginia company doing business in the District of Columbia. *Id.* Jackson claims that on or about September 2009, she received notification of a foreclosure sale on her home and rental property[2] from Defendants. *Id.* ¶ 7. Jackson further claims that she "was offered to participate in a modification plan by the Defendants, the servicer, the agent of the holder of the note, to pay a reduced amount which would allow [her] to keep her home and the home that has been in her family for several generations." *Id.* ¶ 8. Jackson claims that Defendants[3] notified her that she might be eligible to avoid foreclosure by participating in the loan modification program. *Id.* ¶ 9. Jackson claims that she completed the loan modification application but was never told whether she was determined to be eligible. *Id.* ¶¶ 10-11. After attempting to contact Defendants to ask for information and help, she contacted a Mr. Cory Hankerson about filing for bankruptcy. *Id.* ¶ 11. Mr. Hankerson informed Jackson that he filed bankruptcy on the day before the

---

[2] Jackson does not specify which of the properties is her home and which is her rental property.

[3] Jackson occasionally refers to "Defendant" in the singular without identifying to which defendant she is referring. Construing the Complaint in the light most favorable to Jackson, the Court shall assume that Jackson intends to refer to either defendant or both defendants.

scheduled foreclosure date, but Jackson claims that he actually filed bankruptcy after the foreclosure date, resulting in the loss of the properties. *Id.* ¶ 12. The Court takes judicial notice that a *pro se* Chapter 13 bankruptcy petition was filed in the United States Bankruptcy Court for the District of Columbia by Cheryl Yvonne Jackson of 831 Decatur Street, NW, on April 2, 2010, signed by a Corey W. Hankerson as preparer. *See In re Jackson*, Bankr. Pet. No. 10-00328 (Bankr. D.C. filed April 2, 2010).

Jackson claims that "the deceptive and misleading actions of the Defendant led [her] to Mr. Hankerson and the Defendants are now attempting to evict [her] from her family home." Compl. ¶ 13. Jackson alleges that Defendants "never afforded [her] the opportunity to participate in the President's Home Save Program as they claimed or any other opportunity for relief." *Id.* ¶ 14. Jackson alleges that Defendants acted maliciously toward her, knowing she would lose her home without assistance. *Id.*

Jackson filed the Complaint in this action on September 7, 2010, asserting violations of the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code § 28-3904, the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692d, and common law claims of fraud and wrongful foreclosure. In Count I of the Complaint, Jackson claims that Defendants violated the DCCPPA by making misrepresentations of material fact that had a tendency to mislead, specifically: (a) that they would process Jackson's application for a modification; (b) that they would provide Jackson with assistance to determine if she was eligible to stay in her home; and (c) that they would respond to Jackson's request about whether she was eligible for the "Home Save Program." *See* Compl. ¶¶ 16-22. In Count II, Jackson claims that Defendants violated the DCCPPA by failing to state material facts in a misleading way,

3

specifically by failing to tell Jackson that no one would assist her or discuss available options with her if she called for help. *See id.* ¶¶ 31-35. In Count III, Jackson claims that Defendants violated the FDCPA by foreclosing on her properties in an oppressive or abusive manner. *See id.* ¶¶ 36-38. In Counts IV and V, Jackson claims that Defendants' actions constitute fraud and wrongful foreclosure, respectively. *See id.* ¶¶ 39-42.

On September 21, 2010, ASA Holdings filed its [2] Motion to Dismiss the Complaint. On September 27, 2010, Capital One filed a Consent Motion to Set a Deadline to Respond to Plaintiff's Complaint, which the Court granted. *See* Min. Order (Sept. 29, 2010). The Court ordered Capital One to file its response to the Complaint by no later than October 15, 2010. On October 15, 2010, Capital One filed its [4] Motion to Dismiss Plaintiff's Complaint. Jackson has not filed any response to either of Defendants' motions.

## II. LEGAL STANDARD

*A.     Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)*

A court must dismiss a case pursuant to Rule 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible

4

inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).

    B.    *Motion to Dismiss Under Rule 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

5

alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). However, as the Supreme Court recently made clear, a plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1950. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.* at 1950. In evaluating a motion to dismiss under Rule 12(b)(6), the Court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *see also Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)).

## III. DISCUSSION

Defendant ASA Holdings has filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and Defendant Capital One has filed a motion to dismiss under Rule 12(b)(6). As explained below, the Court may grant these motions as conceded because Jackson has failed to file a timely opposition. However, the Court shall also address the merits of these motions as an alternative basis for dismissal.

*A.     The Court May Grant Defendants' Motions As Conceded*

As of the date of this opinion, Jackson has not filed an opposition to Defendants' motions to dismiss. Local Civil Rule 7(b) governs the filing of oppositions to motions filed in this Court:

> Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

LCvR 7(b). The D.C. Circuit has explained that this rule "is a docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. Am. Airlines*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). A district court's decision to apply the rule is reviewed only for abuse of discretion, and the D.C. Circuit has never considered straightforward application of Rule 7(b) to be an abuse of discretion. *Id.*; *FDIC v. Bender*, 127 F.3d 58, 67 (D.C. Cir. 1997). The Court need not provide notice before enforcing the rule or offer a party an opportunity to explain its failure to comply. *Fox*, 389 F.3d at 1295.[4] "Where the district court relies on the absence of a response as a basis for treating the motion as conceded,

---

[4] An exception to this rule is for dispositive motions filed against parties who are representing themselves, *pro se*. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (holding that district courts must advise *pro se* plaintiffs of the consequences of failing to respond to a dispositive motion). Here, however, Jackson is represented by counsel.

we honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

The Court shall exercise its discretion to apply Local Rule 7(b) and treat Defendants' motions to dismiss as conceded. Jackson is represented by counsel, and she is expected to be aware of her responsibility to meet deadlines in accordance with the Court's rules, yet she has not done so in this case. Accordingly, the Court finds that Jackson has failed to prosecute her claims by failing to oppose Defendants' motions to dismiss, and therefore this action shall be dismissed.

  B.  *The Merits of Defendants' Motions to Dismiss*

As an alternative basis for dismissal, the Court shall consider the merits of Defendants' motions. ASA Holdings moves to dismiss the Complaint against it for both lack of subject matter jurisdiction and failure to state a claim. Because jurisdiction is a threshold issue, the Court shall address it first. Capital One also moves to dismiss for failure to state a claim upon which relief can be granted. The Court shall address these claims below.

    1.  <u>ASA Holdings' Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

ASA Holdings contends that this Court lacks jurisdiction over Jackson's claims against it because contrary to the allegations in the Complaint, ASA Holdings is actually a District of Columbia company, and therefore there is not a complete diversity of parties as required for this Court's exercise of diversity jurisdiction under 28 U.S.C. § 1332. Jackson's Complaint only asserts jurisdiction under § 1332. However, it is clear that Count III of the Complaint asserts a federal cause of action for violation of the FDCPA, 15 U.S.C. § 1692d. Therefore, this Court has jurisdiction over the federal claim pursuant to 28 U.S.C. § 1331, and it may exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367. Because

defective allegations of jurisdiction may be freely amended, *see* 28 U.S.C. § 1653, courts generally do not dismiss actions where an alternative basis for jurisdiction is apparent from the face of the complaint. *See Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 549 (7th Cir. 1975) ("A court's discretion to dismiss for lack of subject matter jurisdiction when the plaintiff could have pleaded the existence of jurisdiction and when in fact such jurisdiction exists, should be exercised sparingly."). Therefore, assuming *arguendo* that § 1332 is not a proper basis for jurisdiction, the Court declines to dismiss Jackson's complaint on that basis.

2. Defendants' Motions to Dismiss for Failure to State a Claim

ASA Holdings moves to dismiss Jackson's Complaint on the ground that it fails to allege any wrongdoing by ASA Holdings. Similarly, Capital One moves to dismiss the Complaint on the ground that the allegations are insufficient to state a claim for a violation of the DCCPPA or the FDCPA or for fraud or wrongful foreclosure. Although each defendant raises slightly different arguments in their motions, the Court shall analyze them together because Jackson does not distinguish between ASA Holdings and Capital One in making her allegations.

The Court begins its analysis by noting that Jackson's Complaint is devoid of any specific allegations pertaining to the role that either ASA Holdings or Capital One played in the foreclosure of her properties. There are no allegations that explain whether ASA Holdings or Capital One (or some other unnamed entity) is the mortgagee, the holder of the note, the loan servicer, etc.[5] Instead, Jackson makes all of her allegations against "Defendants," and sometimes

---

[5] ASA Holdings has attached documents to its motion to dismiss indicating that it purchased the property at 831 Decatur Street, NW at a foreclosure auction and is seeking to evict Jackson as the owner of that property. The Court, however, cannot rely on this evidence without converting ASA Holdings' motion to one for summary judgment, which it declines to do. *See* Fed. R. Civ. P. 12(d).

against "Defendant," without specifically identifying to which entity she is referring. This is problematic because it requires Defendants to guess as to the precise nature of Jackson's allegations. The Court shall evaluate the allegations pertaining to each of Jackson's asserted claims.

      a.   Counts I and II: Violations of the DCCPPA.

Counts I and II of the Complaint assert violations of the DCCPPA, D.C. Code §§ 28-3904(e) & (f). These statutory provisions make it an unlawful trade practice for any person to "misrepresent as to a material fact which has a tendency to mislead" and "fail to state a material fact if such failure tends to mislead." D.C. Code §§ 28-3904(e) & (f). At least one court in this District has held that such claims must be pled with particularity because they are akin to claims of fraud. *See Witherspoon v. Philip Morris Inc.*, 964 F. Supp. 455, 463-64 (D.D.C. 1997); Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Whether or not Jackson's DCCPPA claims must be pled with particularity, the Court finds her allegations insufficient to state a plausible claim for relief against Defendants.

Jackson alleges that Defendants misrepresented the following facts: (a) that they would process her application for a modification; (b) that they would provide her with assistance to determine if she was eligible to stay in her home; and (c) that they would respond to her request about whether she was eligible for the "Home Save Program." Compl. ¶ 20. With respect to subsection (f), Jackson alleges that Defendants (a) sent her communications indicating "she should call for assistance with the Home Modification Program and someone would assist her," when no one in fact assisted her; and (b) that Defendants would discuss available options with

10

her to avoid losing her home. Compl. ¶ 33. These latter allegations are more properly characterized as misrepresentations than omissions, because the crux of the allegations is that Defendants misrepresented the fact that they would help her. However, Jackson fails to allege facts demonstrating that these "misrepresentations" or "omissions" were material or had a tendency to mislead. "[A] representation is material if it reasonably influences a plaintiff to take an action he or she may have refrained from taking if aware of the actual facts." *C & E Servs., Inc. v. Ashland, Inc.*, 498 F. Supp. 2d 242, 258 (D.D.C. 2007). Jackson does not explain in her Complaint what acts, if any, she would or would not have taken if she had been aware that Defendants would not help her with the loan modification. Jackson arguably would not have filled out an application or asked Defendants for help if she thought doing so would be fruitless, but Jackson does not identify this as a source of damages from the violation.

In fact, Jackson has failed to allege any facts that plausibly show she has been damaged by Defendants' purported DCCPPA violations. Jackson claims that as a result of Defendants' misrepresentations, she "suffered damages, including, but not limited to the loss of her property, late fees, collection costs, [and] interest." Compl. ¶ 22. However, Jackson does not allege that she would have been eligible for loan modification and therefore that Defendants' alleged failure to consider her application might have saved her home from foreclosure. Nor does she allege that Defendants' purported failure to assist her caused her to submit late payments or incur any additional costs associated with her loans. This failure to allege any facts supporting damages (or any injury) is fatal to Jackson's DCCPPA claim. Although the DCCPPA provides that misrepresentation is an unlawful trade practice "whether or not any consumer is in fact misled, deceived or damaged thereby," D.C. Code § 28-3904, District of Columbia courts have explained

11

that in order to have standing to sue in court for a violation of the DCCPPA (as opposed to seeking administrative remedies), a plaintiff must establish that she has suffered damage as a result of the unlawful trade practice. *See Osbourne v. Capital City Mortg. Corp.*, 667 A.2d 1321, 1329-30 (D.C. 1995); *see also Williams v. Purdue Pharma Co.*, 297 F. Supp. 2d 171, 178 (D.D.C. 2003) (holding that "[t]he invasion of a purely legal right without harm to the consumer" is not redressable by a court). Jackson's conclusory assertions of injury are not sufficient to demonstrate that she was actually harmed by the alleged misrepresentations or omissions, and therefore her DCCPPA claims must be dismissed.

          b.        Count III: Violation of the FDCPA.

Count III of the Complaint asserts a violation of the FDCPA, which provides in pertinent part that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Jackson claims that Defendants violated this provision by "continuing to foreclose on the property with notice and knowledge of the fraud." Compl. ¶ 38. However, Jackson's allegations do not plausibly state a claim for a violation of the FDCPA. The Complaint does little more than parrot the language of the statute in conclusory fashion, and it contains absolutely no allegations relating to harassment, oppression, or abuse. In fact, the only allegations pertinent to this claim are that Defendants foreclosed on Jackson's properties and that Defendants allegedly knew they had lied to her about giving her assistance with loan modification. Simply put, that does not state a claim under 15 U.S.C. § 1692d. That statute lists examples of violations such as using threat or violence or other criminal means to harm a person or their property, using obscene or profane language, and causing a telephone to ring repeatedly or continuously. *See* 15

U.S.C. § 1692d(1), (2), & (5). Moreover, Jackson does not allege that either ASA Holdings or Capital One is a "debt collector" within the meaning of the FDCPA. *See* 15 U.S.C. § 1692a(6) (defining a "debt collector" as a business whose principal purpose is to collect debts). Therefore, the Court agrees with Defendants that Jackson has failed to state a claim under the FDCPA.

        c.        Count IV: Fraud.

Count IV of the Complaint asserts a claim for fraud. Pursuant to Rule 9(b), claims of fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). To state a claim for fraud, a plaintiff must allege the following elements: "(1) a false representation (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon the representation." *In re Estate of McKenney*, 953 A.2d 336, 342 (D.C. 2008) (quoting *Park v. Sandwich Chef*, 651 A.2d 798, 801 (D.C. 1994)). Jackson does not specifically restate any allegations of fraud, alleging instead that "[t]he actions of Defendants which they perpetrated against the Plaintiff as set forth herein [in the Complaint] constitutes fraud." Compl. ¶ 40. Accordingly, it appears that Jackson's fraud claim is based on the same allegations as her misrepresentation claim under the DCCPPA. For the same and similar reasons, however, Jackson fails to state a claim for fraud.

First, it is clear that Jackson has failed to satisfy her obligation to plead with particularity the alleged misrepresentations. "The claimant must plead with particularity matters such as the time, place, and content of the false misrepresentations, the misrepresented fact and what the opponent retained or the claimant lost as a consequence of the alleged fraud." *Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 205 (D.D.C. 2009). In addition, the plaintiff must "specify

which defendant or defendants committed each allegedly fraudulent act, instead [of] pleading fraud generally as to all of the defendants." *Id.* at 206. Jackson's Complaint clearly fails to meet these standards, as she does not describe specifically the place, time, or content of the alleged misrepresentations, and she does not specifically identify which defendant acted in what time period. Therefore, Jackson has failed to satisfy the heightened pleading requirements of Rule 9(b).

Second, Jackson fails to allege that she took any action in reliance upon Defendants' alleged misrepresentation. Although Jackson complains that she lost her house, that is not an "action that is taken" by Jackson in reliance, and in any event she has alleged no facts to causally connect Defendants' alleged misrepresentations to that injury. Therefore, Jackson has not plausibly stated a claim of fraud by Defendants, and that claim must be dismissed.

          d.        Count V: Wrongful foreclosure.

Finally, in Count V of the Complaint, Jackson asserts a claim for "wrongful foreclosure," claiming that "[t]he actions of Defendants which they perpetrated against the Plaintiff as set forth herein [in the Complaint] constitutes Wrongful Foreclosure." Compl. ¶ 42. The District of Columbia courts have held that "an action for wrongful or improper foreclosure may lie where the property owner sustains damages by reason of a foreclosure executed in a manner contrary to law." *Johnson v. Fairfax Village Condominium IV Unit Owners Ass'n*, 641 A.2d 495, 505 (D.C. 1994). Accordingly, an essential element of a wrongful foreclosure claim is establishing that the foreclosure was contrary to law. *See Young v. 1st Am. Fin. Servs.*, 992 F. Supp. 440, 445 (D.D.C. 1998) (granting summary judgment on wrongful foreclosure claim because defendants did not violate the foreclosure statute). Here, however, Jackson has failed to even allege that

14

Defendants violated any provision of D.C. law relating to the foreclosure on Jackson's properties. A conclusory allegation that Defendants wrongfully foreclosed is totally inadequate to state a claim for wrongful foreclosure. Therefore, this claim must be dismissed.

* * *

Although many of the defects in the Complaint could be cured through amendment, the Court finds that Jackson should not be given leave to amend her Complaint because she has failed to file an opposition to Defendants' motions to dismiss. Accordingly, the Court shall dismiss this action in its entirety.

## IV. CONCLUSION

The Court finds that Jackson has failed to file a timely opposition to Defendants' motions to dismiss her Complaint, and therefore the Court may grant the motions to dismiss as conceded. Alternatively, the Court has reviewed the merits of Defendants' motions and found that Jackson has failed to state a claim upon which relief can be granted. Therefore, the Court shall GRANT Defendant ASA Holdings' [2] Motion to Dismiss the Complaint and Defendant Capital One's [4] Motion to Dismiss Plaintiff's Complaint as conceded and, alternatively, for failure to state a claim upon which relief can be granted. Accordingly, this action shall be dismissed. An appropriate Order accompanies this Memorandum Opinion.

                                                                                                   _/s/_
                                                                                    COLLEEN KOLLAR-KOTELLY
                                                                                    United States District Judge